1  ANDREW P. BRIDGES (CSB No. 122761)
   abridges@fenwick.com
2  JEDEDIAH WAKEFIELD (CSB No. 178058)
   jwakefield@fenwick.com
3  SEBASTIAN E. KAPLAN (CSB No. 248206)
   skaplan@fenwick.com
4  ERIN SIMON (CSB No. 268929)
   esimon@fenwick.com
5  KATHLEEN LU (CSB No. 267032)
   klu@fenwick.com
6  FENWICK & WEST LLP
   555 California Street, 12th Floor
7  San Francisco, CA 94104
   Telephone:    415.875.2300
8  Facsimile:    415.281.1350

9  Attorneys for Plaintiff
   PINTEREST, INC.

10

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                     SAN FRANCISCO DIVISION

14                     **CV 12 4586**

15

   Pinterest, Inc., a Delaware corporation,        Case No.:

16
            Plaintiff,                              **COMPLAINT FOR CYBERPIRACY,**
17                                                  **TRADEMARK INFRINGEMENT AND**
        v.                                          **FALSE DESIGNATION OF ORIGIN,**
18                                                  **TRADEMARK DILUTION, UNFAIR**
   Qian Jin,                                        **COMPETITION, AND**
19                                                  **DECLARATORY RELIEF**
            Defendant.
20                                                  **DEMAND FOR JURY TRIAL**

21

22        Plaintiff Pinterest, Inc. ("Pinterest") alleges as follows:

23                          **NATURE OF THE ACTION**

24        1.    This action arises from Defendant's bad-faith registration and use of numerous

25  domain names containing, or confusingly similar to, Pinterest's famous and federally registered

26  PINTEREST trademark. Defendant's conduct violates the Lanham Act, 15 U.S.C. § 1114 *et seq.*,

27  California Business and Professions Code § 17200 *et seq.*, California Business and Professions

28  Code § 14247, and California common law. The action also arises from the Defendant's bad-

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  faith use of and attempt to register PINTEREST and PINTERESTS as his own trademarks.

2  Defendant has no affiliation with Pinterest but has nevertheless branded his websites, and has

3  filed baseless trademark applications, to take unlawful advantage of Pinterest's extraordinary

4  popularity.

## THE PARTIES

6  2.     Pinterest is a Delaware corporation with its principal place of business in San

7  Francisco, California.

8  3.     Pinterest provides online services through its website, pinterest.com, and through

9  applications designed for Apple and Android mobile devices. Pinterest lets users gather images

10  and other content and curate that content into themed collections that it calls "pinboards."

11  Pinterest users typically build their pinboards using images from their own collections or other

12  websites. Pinterest allows its users to post content (in Pinterest's terminology, "pinning" it) to

13  their pinboards, browse other users' pinboards, and "re-pin" the content that interests or inspires

14  them. In doing so, Pinterest provides a way for people to express themselves, discover new

15  things, and engage with the people who create them.

16  4.     Founded just over two years ago, Pinterest has millions of active users. It is one of

17  the 20 most popular websites in the United States and the third most popular social networking

18  site, behind only Facebook and Twitter. Time magazine named Pinterest one of the 50 best

19  websites of 2011.[1] The New York Times has called it "the most talked about start-up of the

20  spring."[2] The New Zealand Herald described it as the "web's hottest social property."[3]

21  5.     Pinterest's popularity has established it as a major force in social media.

22  Photographers, designers, artists and other professionals use Pinterest to promote their work and

23  expose new audiences to it. Companies like The Gap, Macy's, Nordstrom, Neiman Marcus, and

24  Saks Fifth Avenue promote their products and their brands on Pinterest. Publications like The

25  New Yorker, Conde Nast Traveler, and Time Magazine maintain Pinterest boards to share

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

26  ---

[1]http://www.time.com/time/specials/packages/article/0,28804,2087815_2088159_2088155,00.ht
ml

27  [2] http://www.nytimes.com/2012/03/12/technology/start-ups/pinterest-aims-at-the-scrapbook-
maker-in-all-of-us.html

28  [3] http://www.nzherald.co.nz/technology/news/article.cfm?c_id=5&objectid=10791526

COMPLAINT                                2

1 images, reach new audiences and draw people to their websites. Thousands of other websites

2 from Amazon to Zappos have added a "Pin It" button that makes it easy to pin images and other

3 content from their sites. President Barack Obama currently has twelve Pinterest pinboards, on

4 topics such as "ObamArt" and "The First Family."[4]

5       6.     Pinterest uses its word mark PINTEREST and its logotype *Pinterest* to

6 represent its service and business (collectively, "the Pinterest Marks"). Pinterest has used the

7 PINTEREST mark in commerce since March 10, 2010 and used the logotype since May 3, 2011.

8 These marks are inherently distinctive.

9       7.     Pinterest holds U.S. Registration No. 4,145,087 (issued on May 22, 2012) for the

10 mark PINTEREST in connection with "providing a web site featuring technology that enables

11 internet users to create, bookmark, annotate, and publicly share data" in class 42 and "internet-

12 based social networking services" in class 45. Pinterest filed the underlying Application Serial

13 No. 85-255,217 on March 1, 2011, and first used the mark at least as early as March 10, 2010.

14       8.     Pinterest also has common-law rights in the terms PIN and PINBOARD, and in

15 the PIN- prefix, as applied to social media bookmarking services. Pinterest coined the "pin"

16 terminology for social bookmarking, and that terminology has acquired a reputation as uniquely

17 identifying Pinterest's services in the social media bookmarking field.

18       9.     Based upon its extensive use and its phenomenal success in the marketplace,

19 Pinterest has gained extremely strong common-law rights in several of its trademarks, particularly

20 the PINTEREST brand and its PIN-prefix family of trademarks.

21       10.     Pinterest believes, and therefore alleges, that Defendant has sought to trade on this

22 fame by registering a large number of domain names nearly identical to Pinterest's pinterest.com,

23 including pinterests.com, pint3rest.com, pinternest.com, pintirest.com, and many others.

24 Defendant also filed a trademark application for PINTERESTS based on his use of the

25 pinterests.com domain for advertising. A list of domain names that Defendant owns appears

26 below.

27       11.     Pinterest believes, and therefore alleges, that Defendant resides at:

28 [4] http://pinterest.com/barackobama/

1      Jiangsu province, Nanjing city, Xiaguan District
       Guojiashan Road 29-82-4
2      210037
       P. R. of China
3
       In Chinese:
4                    南京市，江苏省，下关区
                     郭家山路29-82-4
5                    210037
                     China
6
       In the Whois records of at least some of his domains, Defendant furnished his address as:
7                    Nanjingshixiaguanquguojiashan29
                     NanJing, JiangSu, CN 210037
8
       Pinterest believes, and therefore alleges, that Defendant also used the following domain registry
9
       privacy services:
10                   Tian Hong Shan Zhuang, BLd. 7, Office 104
                     Nanjing
11                   210049
12                   Nanjing Imperiosus Technology Co., Ltd.
13                   Akademisches Auslandsamt Unter den Linden 6
                     D-10099
14                   Berlin, Germany
15     In his trademark applications to the USPTO, Defendant furnished his address as:
                     Guojiashan29-82-4
16                   Nanjing 210037
                     China
17
18                             **JURISDICTION**
19         12.    This action arises under the Lanham Act, 15 U.S.C. §§ 1114 *et seq.*, 1125 *et seq.*,
20     and California Business and Professions Code §§ 17200 *et seq.*, 17500 *et seq.* This Court has
21     jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.
22         13.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) and/or
23     1391(d).
24         14.    This Court has personal jurisdiction over Defendant by virtue of his express
25     aiming of his cyberpiracy at Pinterest in this judicial district.
26                     **INTRADISTRICT ASSIGNMENT**
27         15.    Because this action involves intellectual property claims, it is not subject to
28     specific intradistrict assignment.

       COMPLAINT                        4

28269/00407/SF/5403511.1

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## GENERAL ALLEGATIONS

16.     Pinterest believes, and therefore alleges, that Defendant registered the domain names below (the "Infringing Domains") on the corresponding dates below, all well after Pinterest and its brands had become famous.

| Domain | Registration Date |
|---|---|
| pinterest.es | 7/29/11 |
| pinterest.de | Unknown |
| pinterest.it | 7/29/11 |
| pinterest.tv | 11/29/11 |
| inteest.com | 11/14/11 |
| pfnterest.com | 12/01/11 |
| piaterest.com | 12/01/11 |
| pierest.com | 11/13/11 |
| pilnterest.com | 11/30/11 |
| pineret.com | 11/14/11 |
| pinestter.com | 11/16/11 |
| pinfterest.com | 11/15/11 |
| Pingterest.com | 11/15/11 |
| pinherest.com | 12/01/11 |
| pinierest.com | 12/01/11 |
| pinlerest.com | 11/22/11 |
| pinserest.com | 11/26/11 |
| pint3rest.com | 11/22/11 |
| pint4rest.com | 11/22/11 |
| pintbrest.com | 12/01/11 |
| pintcrest.com | 12/01/11 |
| pintderest.com | 11/15/11 |
| pinte4est.com | 11/22/11 |
| pinte5est.com | 11/22/11 |
| pintebest.com | 12/01/11 |
| pinteet.com | 11/14/11 |
| pintefrest.com | 11/15/11 |
| pintegest.com | 12/01/11 |
| pinteiest.com | 11/22/11 |
| pinteirest.com | 11/30/11 |
| pintekest.com | 12/01/11 |
| pinter4st.com | 11/22/11 |
| pintercst.com | 12/01/11 |
| pinterdest.com | 11/15/11 |
| pinterefst.com | 11/30/11 |
| pintereft.com | 11/22/11 |

COMPLAINT                                    5

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| | |
|---|---|
| pinteregt.com | 12/01/11 |
| pintereht.com | 12/01/11 |
| pintereist.com | 11/30/11 |
| pintereit.com | 11/22/11 |
| pinterelt.com | 12/01/11 |
| pinterent.com | 12/01/11 |
| pinterept.com | 11/22/11 |
| pinteres5.com | 11/22/11 |
| pinteres6.com | 11/22/11 |
| pinteresct.com | 11/30/11 |
| pinteresd.com | 11/15/11 |
| pinteresft.com | 11/15/11 |
| pinteresgt.com | 11/15/11 |
| pinteresht.com | 11/30/11 |
| pinteresnt.com | 11/30/11 |
| pinterestf.com | 11/15/11 |
| pinterests.com | 03/03/11 |
| pinteresut.com | 11/30/11 |
| pinterets.com | 02/28/11 |
| pinterett.com | 12/01/11 |
| pinterexst.com | 11/15/11 |
| pinterezst.com | 11/15/11 |
| pinterfst.com | 11/22/11 |
| pinterhest.com | 11/30/11 |
| pinteriest.com | 11/30/11 |
| pinternest.com | 11/30/11 |
| pinternst.com | 12/01/11 |
| pinterost.com | 11/22/11 |
| pinterpst.com | 12/01/11 |
| pintert.com | 11/13/11 |
| pintertst.com | 12/01/11 |
| pinterust.com | 11/22/11 |
| pintesrest.com | 11/15/11 |
| pintferest.com | 11/15/11 |
| pintfrest.com | 12/01/11 |
| pintherest.com | 11/30/11 |
| pintierest.com | 11/30/11 |
| pintirest.com | 08/25/11 |
| pintrerst.com | 12/01/11 |
| pintrets.com | 11/20/11 |
| pintrset.com | 11/20/11 |
| pintserest.com | 11/15/11 |

28269/00407/SF/5403511.1

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| pinttest.com | 01/08/12 |
| pintyrest.com | 12/01/11 |
| pinverest.com | 12/01/11 |
| Pipterest.com | 12/01/11 |
| pisterest.com | 12/01/11 |
| piteret.com | 11/14/11 |
| pitnrest.com | 11/20/11 |
| PiTnTerest.com | 11/30/11 |
| pitterest.com | 11/16/11 |
| piuterest.com | 12/01/11 |
| pjinterest.com | 11/15/11 |
| pidterest.com | 12/01/11 |
| plnterest.com | 12/01/11 |
| pnerest.com | 11/14/11 |
| pnitrest.com | 11/20/11 |
| pnteres.com | 11/14/11 |
| pnteret.com | 11/13/11 |
| pnterst.com | 11/14/11 |
| pointerest.com | 12/26/11 |
| pterest.com | 11/14/11 |
| ptnterest.com | 12/01/11 |
| qinterest.com | 11/15/11 |

17.     Pinterest has used the inherently distinctive PINTEREST name and mark since March 3, 2010, and Pinterest gained widespread fame before Defendant registered and began to use the Infringing Domains.  Pinterest therefore believes and alleges that Defendant selected the Infringing Domains because of their similarity to the famous PINTEREST mark and to Pinterest's genuine and famous website and domain pinterest.com.

18.     Pinterest believes, and therefore alleges, that Defendant has used or authorized the use of the Infringing Domains to provide advertising under the brand corresponding to each particular Infringing Domain.  For example, the pinterests.com website features the large, bold heading "pinterests.com" in the upper left-hand corner as its brand for the services offered at that site.  The Infringing Domains thus serve as trademarks or service marks and trade names of each associated website and are counterfeits of or substantially indistinguishable from Pinterest's PINTEREST mark.

COMPLAINT                                          7

19. Pinterest believes, and therefore alleges, that Defendant applied to register PINTEREST and PINTERESTS as trademarks in the United States with full knowledge of Pinterest, its service, and its brands. Defendant filed Application Serial No. 85562359 for PINTEREST in class 43 relating to hotels, restaurants, and similar services on March 7, 2012. Defendant filed Application Serial No. 85558578 for PINTERESTS in class 35, relating to advertising, on March 2, 2012. Defendant claimed, as the basis for his registration of PINTERESTS, his use of pinterests.com as a trademark since March 3, 2011.

20. Pinterest believes, and therefore alleges, that Defendant has also applied to register PINTEREST as a trademark in China, along with the marks TWITTER, FOURSQUARE, and INSTAGRAM. Defendant has also obtained numerous domain names with country-code top-level domains (such as pinterest.es, pinterest.de, pinterest.tv, and pinterest.it) in order to exploit Pinterest's brand and its reputation throughout the world.

21. Pinterest believes, and therefore alleges, that Pinterest is not the only target of Defendant's infringement. Defendant has engaged in a similar pattern of infringing behavior against other famous web services and is well aware that his actions are in bad faith and violate others' trademark rights.

22. Defendant has used similar tactics to target Quora, an online question-and-answer social information service, by applying to register QUORA as a trademark in China and the U.S. Defendant has also registered more than a dozen domain names which are nearly identical or confusingly similar to Quora's mark: qeora.com, qfuora.com, qjuora.com, qquora.com, quofra.com, quojra.com, quoraa.com, quoraf.com, quoraj.com, quorao.com, quorfra.com, quorja.com, and quors.com.

23. Defendant has also targeted Square, a prominent electronic payment service which provides online services through its website squareup.com, by applying to register SQUREUP and SQUAREUP as trademarks in the U.S. In addition, Defendant registered dozens of domain names which are nearly identical or confusingly similar to Square's mark. In May 2012, Square won an arbitration against Defendant, with the panel finding that Defendant registered twenty-six

COMPLAINT 8

domain names in bad faith.[5] Despite this, Defendant still owns at least ten more domain names that are nearly identical or confusingly similar to Square's mark, including saquare.com, sauare.com, sqauare.com, squadeup.com, squafeup.com, squarsup.com, squaure.com, squqreup.com, squwreup.com, and. swqware.com.

24.   Defendant's infringement is widespread, with domains that appear to infringe upon the marks of popular companies, especially online companies, across the globe, including Google, Facebook, Twitter, Etsy, Eventbrite, Foursquare, Hotmail, Hulu, Lotus, Spotify, Blekko, Dwolla, Volunia, Skillshare, Jumio, Scribd, Zazzle, and Zynga.   In short, Defendant is a serial cybersquatter who has registered and owns hundreds of infringing domain names.

## FIRST CLAIM FOR RELIEF
### (Cyberpiracy)
### [15 U.S.C. § 1125(d)(1)]

25.   Plaintiff Pinterest incorporates and realleges all the paragraphs of the Complaint above.

26.   Defendant has a bad-faith intent to profit from the Infringing Domains and from exploiting Pinterest's well-known, registered PINTEREST mark and name.

27.   Defendant registered the Infringing Domains, each of which is confusingly similar to Pinterest's PINTEREST name and mark.   Pinterest's PINTEREST mark is inherently distinctive and was distinctive at the time Defendant registered the Infringing Domains. Defendant has used the Infringing Domains to operate, or authorize the operation of, websites that contain advertising and search engines.   Pinterest believes, and therefore alleges, that Defendant has trafficked in the Infringing Domains.   Defendant's registration of, use of, and trafficking in the Infringing Domains has been in bad faith.

28.   Defendant's actions constitute cyberpiracy in violation of Pinterest's rights under section 43(d)(1) of the Lanham Act, 15 U.S.C. § 1125(d)(1), and have been knowing, deliberate, willful, intentional, flagrantly malicious in light of Pinterest's rights and global fame.

29.   As a result of Defendant's cyberpiracy in violation of section 15 U.S.C. §

---

[5] http://domains.adrforum.com/domains/decisions/1436661.htm

COMPLAINT                                    9

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  1125(d)(1), Pinterest has suffered damages in an amount not yet ascertained and to be determined

2  at trial. Pursuant to 15 U.S.C. § 1117, Pinterest is further entitled to treble damages and

3  attorneys' fees and costs.

4       30.    Defendant's cyberpiracy in violation of 15 U.S.C. § 1125(d)(1) is a direct and

5  proximate cause of Defendant's unjust enrichment in an amount not yet ascertained.

6  Accordingly, Pinterest is entitled to recover restitution of Defendant's unjust enrichment in an

7  amount to be determined at trial.

8       31.    Pursuant to 15 U.S.C. § 1117(d), Pinterest may elect, at any time before final

9  judgment is entered by the trial court, to recover, instead of actual damages and profits for

10  Defendant's violation of 15 U.S.C. § 1125(d)(1), an award of statutory damages up to $100,000

11  per domain name, as the Court considers just.

12       32.    As a result of Defendant's cyberpiracy in violation of 15 U.S.C. § 1125(d)(1),

13  Pinterest has suffered, and will continue to suffer, irreparable harm. Defendant threatens to

14  continue to engage deliberately in cyberpiracy as set forth above and, unless restrained and

15  enjoined, will do so, all to Pinterest's irreparable damage. Pinterest's remedy at law is not by

16  itself adequate to remedy the harm resulting from Defendant's actions, and the irreparable harm

17  suffered by Pinterest will continue unless this Court enjoins Defendant's unlawful conduct.

18

19  **SECOND CLAIM FOR RELIEF**
**(TRADEMARK INFRINGEMENT)**

20  **[15 U.S.C. § 1114]**

21       33.    Pinterest incorporates and realleges the paragraphs of the Complaint above.

22       34.    Pinterest used its federally registered PINTEREST service mark in connection

23  with its website featuring technology that enables Internet users to create, bookmark, annotate,

24  and publicly share data, and with its internet-based social networking services long before

25  Defendant's first use of the PINTERESTS mark.

26       35.    Defendant's use of the name and mark PINTERESTS in connection with its

27  pinterests.com website featuring online advertising is likely to cause confusion, mistake or

28  deception among users and the public as to the source, origin, sponsorship or quality of

COMPLAINT                 10

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1 Defendant's website. Defendant's use of other names nearly identical to PINTEREST, including

2 pint3rest.com, pinternest.com, pintirest.com, and the other Infringing Domains listed above, is

3 also likely to cause confusion, mistake or deception among users and the public as to the source,

4 origin, sponsorship or quality of Defendant's website. Defendant's use of these names is likely to

5 confuse consumers, Internet users (including Pinterest users and potential Pinterest users) and the

6 public into believing that Pinterest is the source or sponsor of the goods, services, or commercial

7 activities at Defendant's websites, that Pinterest is the source, origin or sponsor of the website,

8 that Pinterest is the source or a sponsor of Defendant's business, or that Pinterest otherwise

9 approves or has an affiliation with Defendant and his products, services, or commercial activities,

10 all in violation of 15 U.S.C. § 1114, thereby causing damage to Pinterest and to the public.

11      36.    As a direct result of his infringing conduct, Defendant has unjustly traded on

12 Pinterest's goodwill and has received revenues in an amount presently unknown but that Pinterest

13 will prove at trial. Pinterest believes and therefore alleges that Defendant knew about Pinterest's

14 use of the PINTEREST mark and the fame of that mark; and, by adopting, beginning use, and

15 continuing use of the PINTERESTS mark and the Infringing Domains, Defendant intended to, did

16 induce and intend to, and will induce customers to use his services by trading off the extensive

17 goodwill built by Pinterest in its federally registered mark. Defendant deliberately selected the

18 Infringing Domains for the purpose of misappropriating Pinterest's substantial goodwill and

19 causing confusion, mistake and deception among Internet users and the public.

20      37.    As a result of Defendant's conduct, Pinterest has suffered and will continue to

21 suffer damages in an amount presently unknown but that Pinterest will prove at trial.

22      38.    As a result of Defendant's violation of 15 U.S.C. § 1114, Pinterest has suffered

23 and will continue to suffer irreparable harm. Defendant threatens to continue deliberately to

24 engage in the actions set forth above and, unless restrained and enjoined, will do so, all to

25 Pinterest's irreparable damage. Pinterest's remedy at law is not by itself adequate to remedy the

26 harm resulting from Defendant's actions, and Pinterest will continue to suffer irreparable harm

27 unless this Court enjoins Defendant's unlawful conduct.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

2

3

**THIRD CLAIM FOR RELIEF**
**(TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF**
**ORIGIN AND UNFAIR COMPETITION)**
**[15 U.S.C. § 1125(a)]**

4          39.     Pinterest incorporates and realleges the paragraphs of the Complaint above.

5          40.     Defendant's use of the name and mark PINTERESTS and the Infringing Domains

6    as brands in connection with his websites featuring online advertising is likely to cause confusion,

7    mistake or deception among users and the public as to the source, origin, sponsorship or quality

8    of Defendant's websites. Defendant's use of these names is likely to confuse consumers, Internet

9    users (including Pinterest users and potential Pinterest users), and the general public into

10   believing that Pinterest is the source or sponsor of the goods, services, or commercial activities at

11   the Infringing Domains; that Pinterest is the source, origin or sponsor of Defendants' websites;

12   that Pinterest is the source or a sponsor of Defendant's business or that Pinterest otherwise

13   approves or has an affiliation with Defendant and his products, services, or commercial activities,

14   all in violation of 15 U.S.C. § 1125(a), thereby causing damage to Pinterest and to the public.

15         41.     As a direct result of his infringing conduct, Defendant has unjustly traded on

16   Pinterest's goodwill and has received revenues in an amount presently unknown but that Pinterest

17   will prove at trial. Pinterest believes, and therefore alleges, that Defendant was aware of

18   Pinterest's reputation prior to engaging in his misconduct. Defendant deliberately selected

19   PINTERESTS and the Infringing Domains for the purpose of misappropriating Pinterest's

20   substantial goodwill and causing confusion, mistake and deception among Internet users and the

21   public.

22         42.     As a result of Defendant's conduct, Pinterest has suffered and will continue to

23   suffer damages in an amount presently unknown but that Pinterest will prove at trial.

24         43.     As a result of Defendant's violation of 15 U.S.C. § 1125(a), Pinterest has suffered

25   and will continue to suffer irreparable harm. Defendant threatens to continue deliberately to

26   engage in the actions set forth above and, unless restrained and enjoined, will do so, all to

27   Pinterest's irreparable damage. Pinterest's remedy at law is not by itself adequate to remedy the

28   harm resulting from Defendant's actions, and Pinterest will continue to suffer irreparable harm

COMPLAINT                                             12

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1 | unless this Court enjoins Defendant's unlawful conduct.

2 | **FOURTH CLAIM FOR RELIEF**
**(TRADEMARK DILUTION)**
3 | **[15 U.S.C. § 1125(c)]**

4 | 44. Pinterest incorporates and realleges the paragraphs of the Complaint above.

5 | 45. By using PINTERESTS and the other Infringing Domains, Defendant is actively

6 | impairing, and is likely to impair, the Pinterest Marks' distinctive character and their capacity to

7 | identify and distinguish the services of Pinterest. Defendant is actively tarnishing, and is likely to

8 | tarnish, the reputation of Pinterest and the Pinterest Marks. These acts of Defendant dilute the

9 | Pinterest marks and cause injury to Pinterest in violation of 15 U.S.C. §§ 1125(c).

10 | 46. Through his misconduct the Defendant intentionally, willfully, and maliciously

11 | diluted and continues to dilute the Pinterest Marks. The intentional, willful, and malicious

12 | violation entitles Pinterest to monetary relief in an amount that Pinterest will prove at trial.

13 | 47. As a result of Defendant's dilution of the Pinterest Marks, in violation of 15

14 | U.S.C. §§ 1125(c), Pinterest has suffered and will continue to suffer irreparable harm. Pinterest

15 | believes, and therefore alleges, that Defendant threatens to continue deliberately to dilute the

16 | Mark, as set forth above and will continue to do so unless this Court restrains and enjoins

17 | Defendant. Pinterest's remedy at law is not by itself adequate to compensate Pinterest for the

18 | harm inflicted and threatened by Defendant. Pinterest is therefore entitled to injunctive relief.

19 | **FIFTH CLAIM FOR RELIEF**
**(UNFAIR COMPETITION AND FALSE ADVERTISING)**
20 | **[Cal. Bus. & Prof. Code §§ 17200 and 17500 *et seq.*]**

21 | 48. Pinterest incorporates and realleges the paragraphs of the Complaint above.

22 | 49. Defendant's actions, including but not limited to the registration of the Infringing

23 | Domains, the use of the PINTERESTS mark, and the use of the Infringing Domains in connection

24 | with Defendant's commercial activities constitute unfair competition, including unlawful, unfair,

25 | and fraudulent business practices and unfair, deceptive, untrue, and misleading advertising, all in

26 | violation of California Business and Professions Code §§ 17200 *et seq.* and 17500 *et seq.* and of

27 | Pinterest's rights.

28 | 50. Defendant's actions violate Pinterest's rights and are likely to cause confusion,

COMPLAINT 13

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

28269/00407/SF/5403511.1

1 | mistake, and deception among consumers and the public as to the source, origin, sponsorship,

2 | affiliation, and/or quality of Defendant's services, thereby causing damage to Pinterest and to the

3 | public. Defendant knew or, in the exercise of reasonable care, should have known that his

4 | conduct was likely to mislead the public. Pinterest believes, and therefore alleges, that Defendant

5 | has deprived Pinterest of money or property by diverting to itself the traffic of users who intended

6 | to find Pinterest's genuine website.

7 | 51.    As a result of Defendant's unfair competition in violation of California Business

8 | and Professions Code §§ 17200 *et seq.* and 17500 *et seq.*, Defendant has unjustly traded on

9 | Pinterest's goodwill, has unjustly enriched himself, and has received revenues and profits in an

10 | amount that Pinterest will prove at trial. Accordingly, Pinterest is entitled to an accounting and

11 | disgorgement of any profits of Defendant.

12 | 52.    As a result of Defendant's unfair competition, Pinterest has suffered and will

13 | continue to suffer irreparable harm. Defendant threatens to continue deliberately to engage in

14 | unfair competition as set forth above and, unless restrained and enjoined, will do so, all to

15 | Pinterest's irreparable damage. Pinterest's remedy at law is not by itself adequate to compensate

16 | Pinterest for the harm inflicted and threatened by Defendant, and Pinterest will continue to suffer

17 | irreparable harm unless this Court enjoins Defendant's unlawful conduct.

18 |

19 |
### SIXTH CLAIM FOR RELIEF
### (CALIFORNIA COMMON LAW UNFAIR COMPETITION)

20 | 53.    Pinterest incorporates and realleges the paragraphs of the Complaint above.

21 | 54.    Defendant's use of PINTERESTS and the Infringing Domains in connection with

22 | his services is confusingly similar to Pinterest's use of its Pinterest Marks to provide Pinterest's

23 | services. Defendant's conduct is likely to cause confusion, mistake or deception among

24 | purchasers, Internet users and the public as to the source, origin, affiliation, sponsorship or quality

25 | of Defendant's services; and it is likely to confuse consumers, Internet users and the public into

26 | believing that Pinterest is the source or sponsor of Defendant's services in violation of the

27 | common law of the state of California. These actions cause damage to Pinterest and to the

28 | purchasing public.

COMPLAINT                              14

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   55.   Defendant's registration and use of the Infringing Domains in connection with his
2   services violate Pinterest's rights and constitute common law unfair competition. Defendant
3   knew or, in the exercise of reasonable care, should have known that his conduct was likely to so
4   mislead the public.

5   56.   As the result of such unlawful actions, Pinterest has suffered and continues to
6   suffer damages in an amount that Pinterest will prove at trial.

7   57.   Pinterest believes, and therefore alleges, that Defendant knew of Pinterest's
8   reputation before engaging in these acts. Defendant deliberately obtained and used the Infringing
9   Domains for the purpose of misappropriating Pinterest's extensive goodwill and causing
10  confusion, mistake or deception among consumers and the public. Pinterest further believes, and
11  therefore alleges, that Defendant's actions were knowing, deliberate, willful, malicious,
12  fraudulent, and oppressive. As a consequence, Pinterest is entitled to exemplary and punitive
13  damages.

14  58.   As a result of Defendant's unfair competition, Pinterest has suffered and will
15  continue to suffer irreparable harm. Defendant threatens to continue infringing Pinterest's rights
16  as set forth above and, unless the Court restrains and enjoins Defendant, he will continue to do so.
17  Pinterest's remedy at law is not by itself adequate to compensate Pinterest for the harm inflicted
18  and threatened by Defendant, and Pinterest will continue to suffer irreparable harm unless this
19  Court enjoins Defendant's unlawful conduct.

20

21                          **SEVENTH CLAIM FOR RELIEF**
                         **(CALIFORNIA COMMON LAW TRADEMARK**
22                        **AND TRADE NAME INFRINGEMENT)**

23  59.   Pinterest incorporates and realleges the paragraphs of the Complaint above.

24  60.   Pinterest owns and has valid common law rights in the Pinterest Marks with
25  respect to its service.

26  61.   Defendant's registration of and use of the Infringing Domains in connection with
27  Defendant's websites and services infringe upon Pinterest's common law trademark and trade
28  name rights; are likely to cause confusion, mistake, and deception among consumers and the

COMPLAINT                                    15

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  public as to the source, origin, affiliation, sponsorship and/or quality of Defendant's services and
2  commercial activities; and are likely to confuse the public into believing that Pinterest was or is
3  the source or sponsor of Defendant's services, website, commercial activities, and business in
4  violation of the common law. These actions thereby inflict damage on Pinterest and to the public.
5  Defendant knew or, in the exercise of reasonable care, should have known that his conduct was
6  likely to mislead the public.

7      62.     Defendant deliberately selected the Infringing Domains, each of which is nearly
8  identical or confusingly similar to PINTEREST, for the purpose of misappropriating Pinterest's
9  extensive goodwill and causing confusion, mistake or deception among consumers and the public.
10  Pinterest believes, and therefore alleges, that Defendant's violations of Pinterest's common law
11  trademark and trade name rights were knowing, deliberate, willful, malicious, oppressive, and
12  fraudulent.

13      63.     As a result of Defendant's violations of Pinterest's common law trademark and
14  trade name rights, Pinterest has suffered and will continue to suffer damages in an amount that
15  Pinterest will prove at trial. The character of Defendant's actions also entitles Pinterest to an
16  award of exemplary and punitive damages.

17      64.     As a result of Defendant's violations of Pinterest's common law trademark and
18  trade name rights, Defendant has unjustly enriched himself in an amount not yet ascertained.
19  Accordingly, Pinterest is entitled to recover restitution for Defendant's unjust enrichment in an
20  amount to be determined at trial.

21      65.     As a result of Defendant's common law trademark and trade name infringement,
22  Pinterest has suffered and will continue to suffer irreparable harm. Defendant threatens to
23  continue deliberately to infringe Pinterest's common law rights as set forth above and, unless this
24  Court restrains and enjoins him, will do so. Pinterest's remedy at law is not by itself adequate to
25  compensate Pinterest for the harm Defendant has inflicted and threatened, and Pinterest will
26  continue to suffer irreparable harm unless this Court enjoins Defendant's unlawful conduct.

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

COMPLAINT                     16

1

2

**EIGHTH CLAIM FOR RELIEF
(CALIFORNIA TRADEMARK DILUTION)
[Cal. Bus. & Prof. Code § 14247]**

3    66.    Pinterest incorporates and realleges the paragraphs of the Complaint above.

4    67.    By registering and using the Infringing Domains, and using the name and mark

5  PINTERESTS, Defendant has blurred and tarnished, and therefore diluted, and will continue to

6  dilute, the famous and distinctive quality of the Pinterest Marks, and has lessened the capacity of

7  the Pinterest Marks to identify and distinguish Pinterest's goods and services, causing injury to

8  Pinterest in violation of California Business and Professions Code § 14247.

9    68.    As a result of Defendant's dilution of the Pinterest Marks, in violation of

10  California law, Pinterest has suffered and will continue to suffer irreparable harm. Pinterest

11  believes, and therefore alleges, that Defendant threatens to continue deliberately to dilute the

12  Marks, as set forth above and, unless this Court restrains and enjoins him, he will continue to do

13  so, all to Pinterest's irreparable damage. Pinterest's remedy at law is not by itself adequate to

14  compensate Pinterest for the harm Defendant has inflicted and threatened. Pinterest is therefore

15  entitled to injunctive relief.

16

17

18

**NINTH CLAIM FOR RELIEF
(DECLARATORY RELIEF – REFUSAL OF REGISTRATION OR RECTIFICATION OF
THE REGISTER)**

19    69.    Pinterest incorporates and realleges the paragraphs of the Complaint above.

20    70.    Defendant's PINTEREST and PINTERESTS marks in his pending applications

21  for federal registration so resemble Pinterest's trade name and trademarks, including its registered

22  mark PINTEREST, as to be likely, when used on or in conjunction with the goods and services of

23  Defendant, to cause confusion, or to cause mistake, or to deceive. Defendant's PINTEREST and

24  PINTERESTS marks in his pending applications for federal registration are also likely to cause

25  dilution of Pinterest's marks by blurring and tarnishment.

26    71.    Pinterest will suffer injury if Defendant obtains registration of his infringing

27  marks. There is a real and substantial controversy arising from Defendant's use of

28  PINTERESTS, and his application to register PINTEREST and PINTERESTS, entitling Pinterest

COMPLAINT                                    17

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  to a declaration that Defendant is not entitled to registration of the PINTEREST and PINTEREST

2  marks in his applications, and to an order directing the Director of the Patent and Trademark

3  Office to refuse to register the marks or otherwise to rectify the register with respect to those

4  marks.

5

6  **PRAYER FOR RELIEF**

7  WHEREFORE, Plaintiff Pinterest prays for judgment against Defendant Qian Jin as

8  follows:

9  1.  Preliminarily and permanently enjoining Defendant and each of his agents,

10  servants, employees, and attorneys, and those persons in active concert or participation with him

11  who receive actual notice of the injunction, from using the PINTEREST Marks, or any colorable

12  imitation thereof, or confusingly similar term, in any fashion.

13  2.  Ordering Defendant, and any domain registrar, registry, or other entity with

14  authority over the Infringing Domains, to transfer the registration of the Infringing Domains (and

15  any other similar domains owned by Defendant) to Pinterest;

16  3.  Awarding Pinterest up to three times the amount of its actual damages in an

17  amount to be determined by the Court;

18  4.  Awarding Pinterest up to three times the amount of Defendant's unjust profits

19  Defendant received as a result of his unlawful conduct and ordering that Defendant disgorge to

20  Pinterest unjust profits he received as a result of his unlawful conduct;

21  5.  Pursuant to 15 U.S.C. § 1117(c), allowing Pinterest to elect, at any time before

22  final judgment is entered by the Court, to recover, instead of actual damages and profits for

23  Defendant's violation of 15 U.S.C. § 1114(1)(a), an award of statutory damages up to

24  $2,000,000.00 per counterfeit mark per type of services for willful use of a counterfeit mark, as

25  the Court considers just;

26  6.  Pursuant to 15 U.S.C. § 1117(d), allowing Pinterest to elect, at any time before

27  final judgment is entered by the Court, to recover, instead of actual damages and profits for

28  Defendant's violation of 15 U.S.C. § 1125(d)(1), an award of statutory damages up to

COMPLAINT                                    18

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   $100,000.00 per domain for cyberpiracy, as the Court considers just;

2       7.      Awarding Pinterest exemplary and punitive damages in an amount to be

3   determined;

4       8.      Directing the Director of the United States Patent and Trademark Office to refuse

5   registration, or otherwise to rectify the Register, with respect to Defendant's application to

6   register PINTEREST and PINTERESTS as trademarks;

7       9.      Awarding Pinterest its costs, including reasonable attorneys' fees, of this action;

8   and

9       10.     Granting Pinterest such other and further relief as the Court deems just and proper.

10

11                                  **JURY DEMAND**

12                      Pinterest hereby requests a trial by jury.

13

14  Dated:  August 31, 2012                  FENWICK & WEST LLP

15

16                                  By: Andrew P. Bridges
17                                      Andrew P. Bridges (CSB No. 122761)
                                        abridges@fenwick.com
18
                                        Attorneys for Plaintiff
19                                      Pinterest, Inc.

20

21

22

23

24

25

26

27

28

COMPLAINT                              19